Case 6—PETITION ORDINARY—December 15.

# Goebel, &c., v. Pugh.

### APPEAL FROM KENTON CIRCUIT COURT.

1. EJECTMENT—VERDICT—In this action of ejectment, the jury returned
a verdict finding " for the plaintiff the amount or quantity of ground
described." Against defendants' objections the court thereupon di-
rected counsel for plaintiff to formulate the verdict of the jury, which
counsel did by setting forth the land in controversy by metes and
bounds; and the verdict, as thus amended, was read to the jury, and
declared by them in open court to be their verdict. *Held*—That the
action of the court was proper, or at least not prejudicial, as the court
could, upon the verdict as originally returned, have rendered judg-
ment describing the land by metes and bounds.

2. ADVERSE POSSESSION—The evidence is sufficient to support the verdict
for plaintiff, who relied upon an adverse possession of fifteen years
under a deed.

O'HARA & BRYAN FOR APPELLANTS.

It was error in the court to allow appellee's attorney to formulate the
verdict.

HALLAM & MYERS AND SIMMONS & SCHMIDT FOR APPELLEE.

As the court could have entered the judgment from the verdict returned,
it was not prejudicial to allow appellee's attorney to draw the ver-
dict to conform to what the judgment would have been if entered
by the court.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee brought an action of ejectment in the Kenton circuit court against the appellant to recover a strip of ground lying in the city of Covington, about twenty-one inches wide and fifty feet long. The appellee did not rely upon a paper title deducible from the Commonwealth, but relied upon an adverse possession under his deed of fifteen years, as perfecting his title to said land. The jury having found for the appellee, and the court having overruled the appellant's motion for a new trial, and having rendered judgment in conformity to the verdict of the jury, the appellant has appealed to this court.

. The appellant and the appellee own adjoining lots, Nos. 3 and 4; the appellant owning the former and the appellee the latter. The appellee's contention, which the jury sustained, is that the appellant, M. Goebel, in 1882, removed the division fence between them about twenty-one inches over on the appellee's land, and thereafter held and claimed said strip as his own. The appellant contends, which contention the jury rejected, that the removal of the fence to its location was upon the true dividing line between himself and the appellee.

The appellee, A. J. Francis, —— Pearce, M. Schreck, Mrs. Stronk, Joe Pugh, Ben. Pugh, Mr. Stronk, Mr. Logennan, Edward Pugh, David Pearce, Mr. Fritz, Mr. Barnes, and Mr. Perkins, prove one or more of the following facts: That the appellee purchased his lot in 1844, and shortly thereafter took possession of it; that in said year he and —— Pearce, the owner

of the lot now owned by the appellant, agreed upon the dividing line, and that the north side of the house is on said dividing line, as was thus agreed upon; that a division fence was built, shortly after said agreement, upon the line agreed on by the appellee and said Pearce; that the appellee held the possession of his lot, and claimed it as his own, for more than fifteen years next before the removal of the fence, up to said fence; that the north wall of appellant's house was on said line, and the fence ran straight from the corner of the house to the stone wall, which the appellee built on his land; that about two feet of the south end of the wall had been removed in the last few years; that in 1876 the appellee swore, in a case between him and Gabker, that the north line of his house was on the division line between him and the appellee. Each of the foregoing facts is sworn to positively by one or more of the above-named witnesses. The appellant, and a few other witnesses, swear to facts which, if uncontradicted, would establish the line at the place contended for by the appellant. The appellant also swears that he and the appellee, in 1882, agreed that the true line was at the place contended for by him, and he, pursuant to said agreement, and with the consent of the appellee, removed the fence and set it where it now is. The appellee flatly contradicts this statement.

The jury, after hearing the evidence, found for the appellee; we think that their finding was in accordance with the weight of the evidence.

The exceptions taken to the instructions given

at the instance of the appellee are, as we under-
stand, not seriously urged here, for the counsel for
the appellant, doubtless, regards them as we do, as
a full and fair exposition of the law as applicable
to the facts proven by the appellee. The same may
be said in reference to the instructions given at the
instance of the appellant.

The written verdict of the jury was: "We, the
jury, find for the plaintiff the amount or quantity
of ground claimed." The court, against the objec-
tions and exceptions of the appellant, directed the
attorney for the appellee to formulate the verdict
of the jury, which the counsel did by setting forth
in writing the land in controversy by metes and
bounds, which was signed by the foreman and read
to the jury. The jury, thereupon, declared it to be
their verdict.

It is not contended that the verdict, as formulated
by the attorney, embraced more or less land than
was embraced by the verdict of the jury; and the
formulation occurred in open court and in the pres-
ence of the jury, and they so sanctioned it in open
court. It is to be presumed that they, as intelli-
gent men, understood whether or not the verdict as
formulated included more or less land than they in-
tended the appellee to recover; and, if it did, they,
as honest men, would not sanction it. Also, if the
court had received their verdict as it was originally
returned, and admitted it to record, it will not be
questioned that, by any satisfactory evidence con-
tained in the record, fixing the boundary of the
land in dispute, and in accordance with which it

appeared that the jury acted in fixing the quantity that the party was entitled to recover, the court could have formulated said verdict in the judgment; instead, however, the court directed the attorney to formulate it by satisfactory evidence contained in the records, in the presence of the jury, which formulation was sanctioned by the jury as having been done in accordance with their finding. We think that either way of formulating the verdict is equivalent to the other, the difference, if any, being in favor of the latter, as it has the express sanction of the jury, and either way is valid.

The judgment is affirmed.